## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ASHER BRONSTIN,                                  Case No.: 2:26-cv-10001
                                                 Hon. Judith E. Levy
                    Plaintiff,                   Magistrate David R. Grand

v

DASH CAPITAL INC.

                    Defendant,

_____/

## DEFENDANT DASH CAPITAL INC'S ANSWER TO COMPLAINT

NOW COMES Defendant, DASH CAPITAL INC., by and through its attorneys, HAMMOUD DAKHLALLAH & ASSOCIATES PLLC and for its ANSWER TO PLAINTIFF'S COMPLAINT, hereby states as follows:

### Preliminary Statement

1.     Defendant states that laws and cases cited by Plaintiff speak for themselves and that Plaintiff does not have any cause of action under the laws and cases cited in this paragraph. Plaintiff is left strictly to his proofs.

2.     Defendant denies Plaintiff's interpretation of the relevant laws and statutes, and leaves Plaintiff strictly to his proofs.

3.     Defendant states that laws and cases cited by Plaintiff speak for themselves and that Plaintiff does not have any cause of action under the laws and cases cited in this paragraph. Plaintiff is left strictly to his proofs.

4.     Defendant states that laws and cases cited by Plaintiff speak for themselves and that Plaintiff does not have any cause of action under the laws and cases cited in this paragraph. Plaintiff is left strictly to his proofs.

5.     Defendant denies the factual assertions Plaintiff pled in this paragraph as untrue and leaves Plaintiff strictly to his proofs. Further, Defendant states that Plaintiff and his attorney, Andrew Perrong, are habitual litigants that troll various federal court dockets with boilerplate TCPA lawsuits, such as the instant matter filed. Asher Bronstin is a plaintiff in at least 17 TCPA actions, such as:

   a. This pending matter;

   b. 25-cv-03267 (Southern District of California);

   c. 25-cv-13564 (Eastern District of Michigan);

   d. 25-cv-09320 (Southern District of New York);

   e. 25-cv-02334 (Central District of California);

   f. 25-cv-12685 (District of Massachusetts);

   g. 25-cv-01410 (Middle District of Pennsylvania);

   h. 25-cv-00426 (Western District of North Carolia);

   i. 25-cv-01083 (Middle District of Pennsylvania);

   j. 25-cv-06182 (Northern District of Illinois);

   k. 25-cv-00927 (Middle District of Pennsylvania);

   l. 24-cv-06277 (Southern District of New York);

m. 24-cv-04166 (Eastern District of New York);

n. 24-cv-00792 (District of Arizona);

o. 23-cv-02255 (Central District of California);

p. 23-cv-01745 (Central District of California);

q. 23-cv-01742(Central District of California);

Plaintiff's counsel Andrew Perrong is a "habitual litigant with extensive familiarity with the TCPA and court proceedings…". **Exhibit A** – Memorandum Re: Plaintiff's Request for Default Judgment and Sanctions (Perrong v. DVD II GROUP, LLC et al, Case No. 23-cv-00361-MMB, Eastern District of Pennsylvania, Hon. Michael M. Baylson). In that Memorandum, Judge Baylson found "If any misconduct exists, it is Plaintiff's decision to act with petulance rather than professionalism by ignoring communications from opposing counsel, filing a request for default judgment despite knowing that Defendants intended to answer, and forcing Defendants to 'rack up billables'…in order to oppose Plaintiff's Request for Default Judgment. Plaintiff's behavior is gamesmanship of the lowest order". **Id** at p. 4. Judge Baylson went on to add "As a law student and habitual litigant with more legal experience, legal knowledge, and legal education than most pro se litigants, Plaintiff did not behave with the level of decorum and respect for this Court and his opposing counsel that he should know is required." **Id**.

3

In another case, District Judge Gerald A. McHugh found Perrong "a prolific and frequently successful *pro se* litigant in cases brought under the TCPA". **Exhibit B** – Memorandum (Perrong v. Reweb Real Estate LLC et al, Case No. 19-cv-04228-GAM, Eastern District of Pennsylvania, Hon. Gerald A. McHugh). In that Memorandum, Judge McHugh found that Perrong demanded $7,000.00 in settlement, told defendants that they would need to hire a lawyer, further stating that Perrong's demand would increase if they did not immediately capitulate. **Id.** at p. 4.

In this case, Plaintiff Asher Bronstin followed the same playbook that his attorney, Andrew Perrong, had previously used in in other cases. On August 19, 2025, a call was placed to (313) 631-1929, a business phone number registered to Dash Capital, from a third party. This third-party transferred Bronstin to Mike Moussawel of Dash Capital after Bronstin assented to the transfer. On that phone call, Bronstin stated that he was looking for a $50,000.00 loan for his security system business Control One Smart Homes[1], doing about $100,000.00 per month in revenue. Bronstin further described his previous history with business loans, such as his history with Bidi Finance. This phone call was recorded, and is attached as **Exhibit D**. Note that Bronstin does not complain of any calls emanating from the (313) 631-1929 phone number that participated this initial call.

---

[1] Research on "Opencorporates.com" reveals that there are 0 companies registered with the name "control one smart homes". **(Exhibit C)**.

As a result of this phone call, Bronstin emailed Dash Capital so that the company could have Bronstin's contact information. **Exhibit E**. Bronstin initiated this communication with his own consent. Moussawel, followed up with email responses **(Exhibit E)** and two text messages from Moussawel phone number (734-748-8417) to Bronstin at Bronstin's phone number, as indicated in paragraph 21 of the Complaint. **(Exhibit F)**.

The very next day, Moussawel placed one outgoing phone call to Bronstin, from his phone number (734-748-8417) at the phone number listed at paragraph 21 of the Complaint, at 11:15 am. Bronstin did not answer the call. **(Exhibit G)**. At 3:27 pm, Bronstin called back berating Moussawel about an alleged TCPA violation. Here, the scheme was completed. At 10:18 pm that same day, Bronstin personally emailed a demand letter to Defendant appearing to be drafted and signed by an unidentified "Raul M. Coralde, Jr., Esq.", making a settlement demand. **(Exhibit H)**.

"Raul M. Coralde, Jr., Esq." left no contact information in his demand letter. With no way to contact "Raul M. Coralde, Jr., Esq.", undersigned counsel delivered an email to Asher Bronstin at the email address listed in the demand letter. **(Exhibit I)**. On August 25, 2025, Bronstin responded stating that undersigned counsel was "authorized to respond to [him]". **Id**. Later that night, Bronstin delivered a "Notice of Authorization to Communication" to undersigned counsel, signed by "Raul M. Coralde, Jr., Esq.", authorizing communications directly with Bronstin. **(Exhibit J)**.

Further, Defendant states that no other communications (including phone calls, emails, or text messages) exist between Dash Capital, or any agent, employee, or contractor thereof, and Asher Bronstin, at the phone number listed at paragraph 21 of the Complaint, and any other contact of Asher Bronstin.

6.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs.

7.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs.

## Parties

8.     Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations made, and leaves Plaintiff strictly to his proofs.

9.     Admitted.

## Jurisdiction and Venue

10.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs.

11.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs.

## The Telephone Consumer Protection Act

12.     Defendant states that laws cited by Plaintiff speak for themselves and that Plaintiff does not have any cause of action under the laws cited in this paragraph. Plaintiff is left strictly to his proofs.

13.     Defendant states that laws cited by Plaintiff speak for themselves and that Plaintiff does not have any cause of action under the laws cited in this paragraph. Plaintiff is left strictly to his proofs.

14.     Defendant states that laws cited by Plaintiff speak for themselves and that Plaintiff does not have any cause of action under the laws cited in this paragraph. Plaintiff is left strictly to his proofs.

15.     Defendant states that laws cited by Plaintiff speak for themselves and that Plaintiff does not have any cause of action under the laws cited in this paragraph. Plaintiff is left strictly to his proofs.

16.     Defendant states that laws cited by Plaintiff speak for themselves and that Plaintiff does not have any cause of action under the laws cited in this paragraph. Plaintiff is left strictly to his proofs.

17.     Defendant states that laws cited by Plaintiff speak for themselves and that Plaintiff does not have any cause of action under the laws cited in this paragraph. Plaintiff is left strictly to his proofs.

18.     Defendant states that laws and cases cited by Plaintiff speak for themselves and that Plaintiff does not have any cause of action under the laws and cases cited in this paragraph. Plaintiff is left strictly to his proofs.

## Factual Allegations

19.     Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations made, and leaves Plaintiff strictly to his proofs.

20.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5, above.

21.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing

to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5, above.

22.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5, above.

23.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5, above.

24.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from

Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5, above.

25.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5, above.

26.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5, above.

27.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that

Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5, above.

28.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5, above.

29.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5, above.

By way of additional response to this allegation, Defendant states that it has no knowledge of or access to any of the phone numbers presented in this paragraph, except for "7347488417" as explained above.

30.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5 and 29, above.

31.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5 and 29, above.

32.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that

Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5 and 29, above.

33.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5 and 29, above.

34.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5 and 29, above.

35.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where

Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5 and 29, above.

36.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5 and 29, above.

37.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5 and 29, above.

38.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5 and 29, above.

39.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5 and 29, above.

40.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing

to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5 and 29, above.

41.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5 and 29, above.

42.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5 and 29, above.

43.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from

Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5 and 29, above.

44.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5 and 29, above.

45.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5 and 29, above.

46.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that

Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5 and 29, above.

47.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5 and 29, above.

48.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5 and 29, above.

49.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Reference is made to **Exhibit D**, a recorded conversation where

Plaintiff initiates a conversation with Defendant regarding a business loan that Plaintiff was interested in. Further, Plaintiff consented to communications from Defendant by giving up his contact information, emailing Defendant, and agreeing to receive information for a loan that Plaintiff requested. **Exhibit E**. Defendant additionally incorporates by reference its answer to Paragraph 5 and 29, above.

<u>**Class Action Statement**</u>

50.     Defendant incorporates by reference all previous paragraphs as if fully set forth herein.

51.     Defendant states that rules cited by Plaintiff speak for themselves and that Plaintiff does not have any cause of action under the rules cited in this paragraph. Further, Defendant denies the existence of any class of plaintiffs as alleged by Plaintiff. Plaintiff is left strictly to his proofs.

52.     Defendant denies the existence of any class of plaintiffs as alleged by Plaintiff. Defendant denies that any of the actions asserted or presumed by this paragraph actually occurred. Plaintiff is left strictly to his proofs.

53.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs.

54.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Defendant denies the existence of any class of plaintiffs as alleged by Plaintiff.

55.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs.

56.    Defendant denies Plaintiff's assertion that he, or any proposed class of plaintiffs, are entitled to any relief.

57.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Defendant denies the existence of any class of plaintiffs as alleged by Plaintiff.

58.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Defendant denies the existence of any class of plaintiffs as alleged by Plaintiff.

59.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Defendant denies the existence of any class of plaintiffs as alleged by Plaintiff.

60.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Defendant denies the existence of any class of plaintiffs as alleged by Plaintiff.

61.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Defendant denies the existence of any class of plaintiffs as alleged by Plaintiff.

62.    Defendant denies the matter pled as untrue, including all subparts, and leaves Plaintiff strictly to his proofs. Defendant denies the existence of any class of plaintiffs as alleged by Plaintiff.

63.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Defendant denies the existence of any class of plaintiffs as alleged by Plaintiff.

64.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Defendant denies the existence of any class of plaintiffs as alleged by Plaintiff.

65.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Defendant denies the existence of any class of plaintiffs as alleged by Plaintiff.

66.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Defendant denies the existence of any class of plaintiffs as alleged by Plaintiff.

67.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Defendant denies the existence of any class of plaintiffs as alleged by Plaintiff.

## <u>FIRST CAUSE OF ACTION</u>

### Violation of the Telephone Consumer Protection Act

**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the
National Do Not Call Registry Class)**

68.    Defendant incorporates by reference all previous paragraphs as if fully set forth herein.

69.    Defendant states that laws cited by Plaintiff speak for themselves and that Plaintiff does not have any cause of action under the laws cited in this paragraph. Further, Defendant denies the existence of any class of plaintiffs as alleged by Plaintiff. Plaintiff is left strictly to his proofs.

70.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs.

71.    Defendant states that laws cited by Plaintiff speak for themselves and that Plaintiff does not have any cause of action under the laws cited in this paragraph. Further, Defendant denies the existence of any class of plaintiffs as alleged by Plaintiff. Plaintiff is left strictly to his proofs.

72.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Defendant denies the existence of any class of plaintiffs as alleged by Plaintiff.

**WHEREFORE**, Defendant DASH CAPITAL INC. respectfully requests that this Honorable Court DISMISS Plaintiff's claims in their entirety, WITH PREJUDICE, together with an award of all attorneys fees and costs so wrongfully incurred by Defendant in having to appear and defend this action.

## SECOND CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act
(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1601(e) on behalf of Plaintiff and the
Telemarketing Caller ID Class)**

73.     Defendant incorporates by reference all previous paragraphs as if fully set forth herein.

74.     Defendant states that laws cited by Plaintiff speak for themselves and that Plaintiff does not have any cause of action under the laws cited in this paragraph. Further, Defendant denies the existence of any class of plaintiffs as alleged by Plaintiff. Plaintiff is left strictly to his proofs.

75.     Defendant states that laws cited by Plaintiff speak for themselves and that Plaintiff does not have any cause of action under the laws cited in this paragraph. Further, Defendant denies the existence of any class of plaintiffs as alleged by Plaintiff. Plaintiff is left strictly to his proofs.

76.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Defendant denies the existence of any class of plaintiffs as alleged by Plaintiff.

77.     Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs.

78.     Defendant states that laws cited by Plaintiff speak for themselves and that Plaintiff does not have any cause of action under the laws cited in this paragraph.

23

Further, Defendant denies the existence of any class of plaintiffs as alleged by Plaintiff. Plaintiff is left strictly to his proofs.

79.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs. Defendant denies the existence of any class of plaintiffs as alleged by Plaintiff.

**WHEREFORE**, Defendant DASH CAPITAL INC. respectfully requests that this Honorable Court DISMISS Plaintiff's claims in their entirety, WITH PREJUDICE, together with an award of all attorneys fees and costs so wrongfully incurred by Defendant in having to appear and defend this action.

## THIRD CAUSE OF ACTION

### Violations of the TCPA, 47 U.S.C. § 227
### (On behalf of Plaintiff and the Internal DNC Class)

80.    Defendant incorporates by reference all previous paragraphs as if fully set forth herein.

81.    Defendant states that laws cited by Plaintiff speak for themselves and that Plaintiff does not have any cause of action under the laws cited in this paragraph. Further, Defendant denies the existence of any class of plaintiffs as alleged by Plaintiff. Plaintiff is left strictly to his proofs.

82.    Defendant denies the matter pled as untrue and leaves Plaintiff strictly to his proofs.

83.     Defendant states that laws cited by Plaintiff speak for themselves and that Plaintiff does not have any cause of action under the laws cited in this paragraph. Further, Defendant denies the existence of any class of plaintiffs as alleged by Plaintiff. Plaintiff is left strictly to his proofs.

**WHEREFORE**, Defendant DASH CAPITAL INC. respectfully requests that this Honorable Court DISMISS Plaintiff's claims in their entirety, WITH PREJUDICE, together with an award of all attorneys fees and costs so wrongfully incurred by Defendant in having to appear and defend this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendant DASH CAPITAL INC. respectfully requests that this Honorable Court DISMISS Plaintiff's claims in their entirety, WITH PREJUDICE, together with an award of all attorneys fees and costs so wrongfully incurred by Defendant in having to appear and defend this action.

Respectfully submitted:

/s/ TARIK D. TURFE
KASSEM DAKHLALLAH (P70842)
TARIK D. TURFE (P83690)
**HAMMOUD, DAKLALLAH & ASSOCIATES, PLLC**
Attorney for DASH CAPITAL
6050 Greenfield Rd, Ste 201
Dearborn, MI 48126
(313) 551-3038
tt@hdalawgroup.com

Date: January 28, 2026

25

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ASHER BRONSTIN,                                  Case No.: 2:26-cv-10001
                                                 Hon. Judith E. Levy
            Plaintiff,                           Magistrate David R. Grand

v

DASH CAPITAL INC.

            Defendant,

_____/

### DEFENDANT DASH CAPITAL INC'S AFFIRMATIVE DEFENSES

NOW COMES Defendant, DASH CAPITAL INC., by and through its attorneys, HAMMOUD DAKHLALLAH & ASSOCIATES PLLC and for its NOTICE OF AFFIRMATIVE DEFENSES, hereby states as follows:

1.      Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted against Defendant.

2.      Plaintiff's Complaint (a) fails, in whole or in part, to set forth facts with reasonable precision and specific particularity and therefore fails due to uncertainty and (b) fails to allege the basic elements of a cognizable cause of action, instead making only conclusory references to violations of federal law

3.      To the extent that Plaintiff has pled anticipatory or future, undefined causes of action, injuries, or damages, the same constitutes speculation and

conjecture against Defendant, Defendant is not obligated for damages on an anticipated, undefined, and/or speculated or conjectured cause of action.

4.      Plaintiff has unclean hands.

5.      Plaintiff's claims are barred by his own wrongful conduct.

6.      Plaintiff has failed, in whole or in part, to mitigate its damages. Alternatively, any claim for relief must be set-off.

7.      Plaintiff lacks standing or legal capacity to assert their claims.

8.      Plaintiff has not suffered any damages.

9.      To the extent that Plaintiff did suffer any damages, Defendant did not cause the same.

10.      Plaintiff's alleged damages are speculative.

11.      Any recovery by Plaintiff is subject to setoff or recoupment.

12.      Any damages alleged by Plaintiff were caused by Plaintiff.

13.      Any damages alleged by Plaintiff were caused by intervening and/or unforeseeable acts of persons or entities other than Defendant.

14.      Any damages alleged by Plaintiff were caused by intervening and/or unforeseeable acts of Plaintiff.

15.      Plaintiff's claims are barred by the doctrines of waiver, consent, estoppel, and/or laches.

16.     Plaintiff's claims are barred by the doctrine of release, satisfaction, and/or discharge.

17.     Plaintiff's claims are barred by the doctrines of modification or subsequent agreement.

18.     Plaintiff's claims are barred by the doctrine of acquiescence.

19.     Plaintiff's claims are barred by the wrongful conduct doctrine and/or the *in pari delicto* doctrine.

20.     Plaintiff's claims are barred by the doctrines of bad faith and/or unclean hands as a result of his own unlawful conduct.

21.     Plaintiff's claims are subject to dismissal, in whole or in part, based upon prior judgment, release, settlement, arbitration, or other resolution of claims.

22.     Plaintiff's claims are barred, in whole or in part, based upon his failure to timely exercise due care, violations of statutory obligations, and other inequitable conduct.

23.     Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations and/or statutes of repose.

24.     Plaintiff's claims are barred due to supervening events or actions of other parties.

25.     Any protected activities in which Plaintiffs may have engaged were not known to the City Council or the City.

26.     Plaintiff has failed to join necessary parties.

27.     Some or all of the claims asserted are barred by the First Amendment to the United States Constitution.

28.     Some or all of the claims asserted are barred by the doctrines of consent, including but not limited to prior express consent, invitation or permission and prior express written consent.

29.      Defendant has established and implemented, with due care, reasonable and adequate practices and procedures to effectively prevent violations of the TCPA.

30.     The Complaint fails to satisfy the requirements for class action treatment as prescribed by Federal Rule of Civil Procedure 23 and applicable case law.

31.     This action cannot be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because (i) the questions of law and fact are not common to the, and the legal and factual issues differ from class member to class member; (ii) the claims or defenses of the representative parties are not typical of the claims or defenses of the putative class; and (iii) Plaintiff will not fairly and adequately protect the interests of the class.

32.     Defendant denies each and every material allegation of the Complaint as they relate to the request for class certification, and objects to any such class action certification on the following grounds:

a. The Complaint fails to adequately define any class of persons who could properly maintain this action as a class action;

b. The purported class representative has not sustained his burden of establishing standing;

c. Defendant's time-based defenses, such as statutes of limitations, mandate the denial of class certification;

d. Individualized determinations for each class member of controlling state substantive law and the applicability of different state substantive laws to claims by putative class members preclude class certification of a nationwide class;

e. The putative class members are not ascertainable;

f. A Rule 23(b)(2) class is inappropriate because Defendant has not acted or refused to act on grounds that apply generally to the proposed class;

g. A Rule 23(b)(3) class is inappropriate because individualized issues predominate over common questions and because of manageability and superiority issues;

h. Lack of commonality of questions of law;

i. Lack of commonality of questions of fact;

j. Lack of typicality;

k. Lack of adequacy of representation;

l.  Lack of requirements for certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure;

m. Lack of requirements for certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

n.  Individual issues predominate over common issues;

o.  A class action is not superior to other available methods for the fair and efficient adjudication of this controversy; and

p.  There are difficulties that are likely to be encountered in the management of a class action.

33. Plaintiff's telephone number at issue was utilized for business purposes.

34. This Court lacks jurisdiction over the putative class members.

35. Defendant adopts and asserts all affirmative defenses available under the TCPA.

36. Plaintiff's claims are barred because the alleged communication(s) are excepted from and/or do not fall within the purview of the TCPA.

37. Plaintiff's claims are barred because the alleged communication(s) fall within the safe harbor for calls post reassignment.

Defendant reserves the right to amend, delete, or supplement these Affirmative Defenses based on further investigation and discovery in this action. Further, Defendant pleads each of these Affirmative Defenses as to the claims pled

by Plaintiff on his own behalf, and also as to the claims pled by Plaintiff on behalf of the putative class asserted in the Complaint.

Respectfully submitted:

/s/ TARIK D. TURFE
KASSEM DAKHLALLAH (P70842)
TARIK D. TURFE (P83690)
**HAMMOUD, DAKLALLAH &
ASSOCIATES, PLLC**
Attorney for DASH CAPITAL
6050 Greenfield Rd, Ste 201
Dearborn, MI 48126
(313) 551-3038
Date: January 28, 2026                    tt@hdalawgroup.com

## <u>PROOF OF SERVICE</u>

I hereby certify that on January 28, 2026, I electronically filed the foregoing paper with the clerk of the Court using the ECF system which will send notification of such filing to counsel of record

/s/ Tarik D. Turfe
Tarik D. Turfe (P83690)